UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                Case No.: 08-20599
                                                      Honorable Thomas L. Ludington

v.

STEVEN PAUL WALTON,

      Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO VACATE CONVICTION**

This case is before the Court on Defendant's motion to vacate his conviction. Defendant was indicted on November 12, 2008 for allegedly violating 18 U.S.C. §2250(a) by traveling in interstate commerce between March 2007 and August 21, 2008, and failing to register as a convicted sex offender. On March 8, 2010, Defendant pled guilty to the charge. However, only six days earlier in *United States v. Utesch*, 596 F.3d 302, 311 (6th Cir. 2010), the Sixth Circuit determined that § 2250(a) does not apply to interstate travel that occurred prior to August 1, 2008. Defendant claims he did not engage in interstate travel after that date, and is therefore innocent. Plaintiff United States of America agrees, and does not oppose Defendant's motion. Accordingly, Defendant's motion will be granted.

**I**

On October 4, 1996, Defendant Steven Walton was convicted of Second Degree Rape in Tuscaloosa, Alabama. This conviction qualifies Defendant as a sex offender, and requires him to register as such under the Sex Offender Registration and Notification Act (SORNA). Defendant registered as a sex offender in the state of Alabama on January 14, 1998. Then, on May 20,

2004, Defendant registered as a sex offender in Michigan. His Michigan registration was updated on August 15, 2005, listing Defendant's residence as 1435 North Oakland, Waterford, Michigan.

Three years later, on August 13, 2008, Defendant was found residing in Tuscon, Arizona. He had not registered as a sex offender in the state of Arizona, nor updated his Michigan registration to reflect his new residence. Defendant was then charged, and pled guilty, to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). On July 20, 2010, he was sentenced to custody of eighteen months, and a supervised release term of two years. Defendant now claims he is innocent of the charge, and that his conviction should be vacated.

## II

Congress enacted SORNA to create a national system for the registration of sex offenders, effective July 27, 2006. 42 U.S.C. § 16901. Section 16913 provides that "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." § 16913(a). In order to keep registrations current, an offender "shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a)" and report any relevant changes. § 16913(c).

SORNA makes it a crime to violate its registration requirements. The Act provides that a person who is "(1) required to register under SORNA, (2) travels in interstate or foreign commerce . . . and (3) knowingly fails to register or update registration as required by SORNA shall be fined, and/or improvised for up to ten years." *Utesch*, 596 F.3d at 306 (internal quotation marks and brackets omitted) (quoting 42 U.S.C. § 2250(a)).

Statutorily, SORNA's registration requirements apply retroactively to sex offenders who were convicted prior to its enactment on July 27, 2006. *United States v. Stevenson*, 676 F.3d 557, 560 (6th Cir. 2012). In *Carr v. United States*, 130 S. Ct. 2229, 2233 (2010), the Supreme Court determined that although sex offenders were required to register no matter when convicted, criminal liability under § 2250(a) could not be premised on interstate travel that occurred prior to SORNA's enactment. But the Court did not decide what specific date would trigger § 2250(a) liability. That date was supplied by the Sixth Circuit in *Utesch*. The court established that interstate travel by convicted sex-offenders on or after August 1, 2008 would impose SORNA's registration requirements. 596 F.3d at 311. It follows that interstate travel prior to that date cannot trigger criminal liability under the statute. *Id*.

### III

A one-count indictment was filed against Defendant on November 12, 2008, charging interstate travel between March 2007 and August 21, 2008, and subsequent failure to update his registration as a sex offender. As previously established, interstate travel before August 1, 2008 cannot subject Defendant to criminal liability. Defendant claims he did not travel in interstate commerce on or after that date. Def.'s Mot. 1. The United States acknowledged that it is unaware of evidence that Defendant traveled in interstate commerce on or after August 1, 2008. Pl's. Resp. 3. "Given the evidence available to the government it does not oppose defendant's motion to vacate his conviction." *Id*. at 3–4. Accordingly, Defendant's conviction will be vacated.

### IV

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate Conviction, ECF No. 50, is **GRANTED**.

It is further **ORDERED** that Defendant's conviction pursuant to 18 U.S.C. § 2250(a), dated July 15, 2010, is **VACATED**.

Dated: October 12, 2012  /s Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 12, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS